SAVOIE, Judge.
Shirley Ann Roach Caruthers, hereinafter referred to as plaintiff, appeals the trial court’s dismissal of her possessory action involving a piece of property known as Sam’s Place, located in St. Tammany Parish. The issues raised in this appeal have been the subject of numerous suits and extensive litigation between these parties dating back to early 1978. In order to fully understand and appreciate the issues involved, a complete review of the prior history of those cases is essential.
On July 28, 1969, Samuel Glynn Caruth-ers, hereinafter referred to as defendant, purchased a tract of land and improvements thereon known as Sam’s Place from his father, Samuel L. Caruthers. This sale was duly recorded in the conveyance records for the parish of St. Tammany. Shortly thereafter, the premises were completely destroyed on August 17, 1969, by *751 Hurricane Camille. The premises were subsequently rebuilt after defendant and his wife, Victoria MacLeod Caruthers, secured a loan of $27,500.00 from the Small Business Administration on February 28, 1970.[1] The new improvements consisted of a bar, living quarters, wharves, docks, a boat launch, and open sheds.
Some time following this construction, defendant and Victoria Caruthers were divorced. In April of 1972, defendant and plaintiff were married and lived on the subject property. The parties operated the business from this time until sometime around April of 1978, when defendant moved out. Following defendant’s departure from the premises, several suits were instituted.
On June 6, 1978, defendant filed a petition for separation (#52,363), followed by plaintiffs petition for divorce (#53,664) on October 19, 1978. Pursuant to her petition for divorce, plaintiff prayed for alimony and child support as well as a partition of the community property. The rule on these matters was set for trial on November 22, 1978. At this proceeding, the rule was continued indefinitely under the stipulation that plaintiff have the use, occupancy and right to work the premises, and the revenues derived therefrom in lieu of alimony and support.
On August 9, 1979, plaintiff filed a petition for separation, (#56,760) along with a Joint Motion on Rule. In that motion, plaintiff requested that defendant pay to her, alimony and child support and defendant requested that the premises be turned back over to him. The rule was continued, however, pending settlement of the community.
On January 15, 1980, defendant filed a petition for settlement of the community in which he claimed Sam’s Place as his separate property. On this same day a motion to consolidate was filed consolidating all the previous matters with proceeding (# 53,664). This matter finally came to trial on January 21, 1980, with judgment being rendered on March 2, 1981. Pursuant to that judgment it was ordered and decreed that Sam’s Place was the property of defendant and his former wife, Victoria MacLeod. The trial court dismissed plaintiff’s claims to any ownership interest in the premises and ordered that she had no right to the ownership or occupancy of the premises.
Following this judgment, plaintiff continued to occupy the premises although she was repeatedly requested to leave by defendant. On August 7, 1981, defendant was issued a Writ of Possession under which he had plaintiff physically evicted on August 19, 1981. Plaintiff then filed a possessory action (# 66,254), on August 21, 1981, claiming that she had possessed the subject property as owner, and that her possession had been continuous and uninterrupted for a period in excess of one year prior to defendant’s disturbance. Plaintiff then filed a Writ of Sequestration on August 25, 1981, under which she had herself appointed as guardian of the property. She also filed a rule for child custody and support which was later consolidated with the possessory action.
After a trial on the merits, the trial court rendered judgment on April 4, 1984 dismissing plaintiff’s possessory action and dissolving the sequestration order. The judgment decreed that defendant was granted the right to resume possession of the property in accordance with the original judgment granted on March 2, 1981.
From this judgment plaintiff appeals sus-pensively urging the following assignments of error:
The Trial Court erred in finding that:
1. Defendant never allowed plaintiff to possess the property for herself.
2. Defendant’s consent to plaintiff’s possession interrupts plaintiff’s possession.
3. Defendant took timely action to interrupt plaintiff’s possession.
4. The Judgment of March 2, 1981 declared the property to be defendant’s separate property.
*752 5. The Trial Court erred in giving a judgment placing defendant into possession when defendant did not pray for that relief.
6. The Trial Court erred by not recognizing plaintiffs possession and maintaining plaintiff in her possession.
7. The Trial Court erred by not ordering defendant to file a Petitory Action within a time set by the Court to assert his alleged ownership of the property.
In assignment of error Number 4, plaintiff seeks to annul the trial court judgment of March 2, 1981. That judgment was never appealed and is now final. Plaintiffs proper remedy to attack that judgment is by an action of nullity under the provisions of LSA-C.C.P. art 2001 et seq. Therefore, this assignment of error is not properly before this court and is not considered. The remaining assignments address the merits of plaintiff's possessory action.
The possessory action is one brought by the possessor of immovable property to be maintained in his possession when he has been disturbed, or to be restored to his possession when he has been evicted. LSA-C.C.P. art. 3655. A plaintiff in a pos-sessory action shall be one who possesses for himself. To maintain the possessory action the possessor must allege and prove that he had possession as owner at the time of the disturbance; that he possessed quietly and uninterruptedly for more than one year immediately prior to the disturbance; that there has been a disturbance in law or in fact; and that the action was brought within one year of the disturbance. LSA-C.C.P. arts. 3656, 3658.
Plaintiff contends that her initial possession began in April of 1972 when she and defendant moved onto the property following their marriage. The parties continued to possess the property together until April of 1978 when defendant allegedly abandoned the property. At this point plaintiff claims that she informed defendant of her intent to possess the property for herself, and that he had actual notice of her adverse possession. Plaintiff contends that she continued to possess as owner, quietly and without interruption until August 19, 1981, when defendant had her evicted. Plaintiff filed a possessory action on August 21, 1981, which is within one year of the disturbance.
Plaintiff argues that the trial court should have maintained her possessory action and ordered defendant to file a pet-itory action to assert his alleged ownership. The fallacy in plaintiffs argument is that she fails to prove the most essential element of her claim, that she possessed or had a right to possess the property for herself.
Plaintiff initially possessed the property during the existence of the marriage conjointly with defendant. As determined by the judgment of March 2, 1981, this property was not the community property of plaintiff and defendant, but rather was the separate property of defendant.[2] At this point plaintiff was not possessing as owner but rather living with her husband on property owned by him. Following the parties physical separation and during the pending litigation, plaintiff possessed the property by virtue of court order. The November 22, 1978 Rule as to alimony and support allowed plaintiff the use, occupancy, and right to work the property in lieu of alimony. This order did not, however, put her in possession as owner.
Plaintiff’s right to occupy the property under this rule was terminated by the March 2, 1981 judgment which settled the community property and declared this to be defendant’s separate property. Defendant made repeated requests of plaintiff to vacate the property and when she refused he obtained a writ of possession and had her evicted. Plaintiff then filed the possessory action and was able to regain possession by virtue of a writ of sequestration. Under this writ, plaintiff had herself appointed as guardian of the property pending outcome of the litigation. Again plaintiff’s posses *753 sion was by order of the court and not as owner.
It is apparent that plaintiff has never had a real right to possess and has never possessed as owner but was at best, a precarious possessor.[3] She occupied the premises by virtue of her marital status from 1972 to 1978; under a court order from 1978 to 1981; and finally under a writ of sequestration from 1981 until June of 1984. At the present time her occupancy is by virtue of a timely suspensive appeal.
It is well established in our jurisprudence that what constitutes possession in any case is a question of fact and each case must rest on its own peculiar circumstances. LSA-C.C. art 3422; Plaisance v. Collins, 365 So.2d 608 (La.App. 1st Cir.1978). It is equally well established that an appellate court should not disturb a trial court’s finding of fact absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In his written reasons for judgment the trial court stated:
The record and evidence support defendant’s contention that he never allowed plaintiff to possess the property for herself, but only agreed to allow her to remain in the matrimonial domicile and operate the business until the separation and partition were completed in lieu of alimony pendente lite. During the course of the proceedings the agreement broke down and defendant repeatedly requested that plaintiff vacate the property. RCC Art. 3437, CCP Art. 3660. After receiving a judgment of partition on March 2, 1981, declaring the property to be the separate property of defendant, defendant continued to request that plaintiff vacate. When she refused, he took timely actions to interrupt her possession. CCP Art. 3658, RCC Art. 3439.
Accordingly, the Court finds that plaintiff has never enjoyed uninterrupted, non-precarious possession sufficient to give her the right to be maintained by this Court in that possession. The Court dismisses plaintiff’s suit at her cost, dissolves the order of sequestration, and grants defendant the right to resume possession of the property in accordance with this Court’s original judgment in the partition granted on March 2, 1981.
After a thorough review of the records, we conclude that there is no manifest error in the trial court’s findings. The record clearly shows that plaintiff was not a possessor, but rather an occupant. Accordingly, we hold that occupancy under a court order is not possession as owner, sufficient to support a possessory action.
Furthermore, we find that this appeal, which borders on being frivolous, is not a debt of the former community which existed between the parties. Plaintiff/appellant is cast for the costs of these proceedings as her separate debt with no claim for reimbursement.
AFFIRMED.

. From this date on, the property was considered, by both Glynn and Victoria Caruthers, to be community property.

. The term separate used to describe the property of defendant here and subsequently in this opinion reflects that this property was not part of the community existing between plaintiff and defendant.

. LSA-C.C. art. 3437 defines precarious possession as "The exercise of possession over a thing with the permission of or on behalf of the owner or possessor.”